UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAHLIL LYTTLE,

       Plaintiff,                              Civil Case No.
vs.                                           10-CV-14142

REDFORD POLICE OFFICER RILEY,        HON. MARK A. GOLDSMITH
et al.,

       Defendants.
_____/

**OPINION AND ORDER (1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION, and (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This is an excessive force and false imprisonment/arrest case under 42 U.S.C. § 1983 with pendent state law claims. Defendants are Redford Police Officer Riley, Supervising Police Officer John Doe, and Redford Township. Plaintiff Kahlil Lyttle claims that he suffered injuries when Officer Riley employed the use of a taser to effectuate Plaintiff's arrest. Plaintiff asserts claims under federal and state law for excessive force, false imprisonment/arrest, malicious prosecution, assault and battery, intentional infliction of emotional distress, gross negligence, and municipal liability.

Now before the Court is Defendants' motion for summary judgment. The matter was referred to Magistrate Judge Mona K. Majzoub, who issued a report and recommendation ("R&R") on December 21, 2011. The Magistrate Judge recommends that Plaintiff's malicious prosecution and gross negligence claims be dismissed. In addition, the Magistrate Judge recommends that summary judgment be granted in favor of Redford Township on Plaintiff's

1

municipal liability claim. In all other regards, the Magistrate Judge recommends that Defendants' motion for summary judgment be denied. The Magistrate Judge points to numerous material factual discrepancies in this case, making it impossible for the Court to determine the viability of Plaintiff's claims as a matter of law.

The Court reviews <u>de novo</u> those portions of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b). Here, Plaintiff has not filed objections to the R&R. Thus, Plaintiff has waived any further right to challenge those recommendations of the Magistrate Judge that are adverse to him. <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985). Accordingly, the Court will dismiss Plaintiff's malicious prosecution and gross negligence claims, and grant summary judgment in favor of Redford Township on Plaintiff's municipal liability claim, for the reasons stated by the Magistrate Judge in her R&R.

Defendants, however, have filed objections to the R&R. They contend that summary judgment should be granted in their favor as to all of Plaintiff's claims. Defendants raise eight specific objections. The Court considers each, in turn.

**Objection 1.** In their first objection, Defendants argue that the Magistrate Judge should have granted summary judgment in their favor on Plaintiff's false arrest and false imprisonment claims. Defendants argue that the Magistrate Judge failed to apply the correct standard for determining the existence of probable cause. According to Defendants, the Magistrate Judge should have "view[ed] the evidence from the perspective of a reasonable officer on the scene." Objections at 3 (Dkt. 22). While it is true that the perspective of a reasonable officer is relevant to the analysis, Defendants fail to recognize that, at the summary judgment stage, the Court must view the facts in the light most favorable to Plaintiff, the non-moving party. Here, Plaintiff testified that he did not engage in the conduct for which he was arrested. Specifically,

2

Defendants argue that they had probable cause to arrest Plaintiff for (a) resisting and obstructing because Plaintiff did not surrender peacefully, and (b) domestic assault and battery because they observed Plaintiff grab Thomas' hand in an aggressive manner. However, Plaintiff testified that he <u>did</u> surrender peacefully, and that he grabbed Thomas' hand in a <u>peaceful</u> manner. Thus, there is a genuine dispute about the facts that form the basis for Defendants' probable cause determination. Summary judgment is not proper under these circumstances because, if Plaintiff's version of the facts is taken as true, a reasonable jury could find that Officer Riley, even from the perspective of a reasonable officer on the scene, lacked probable cause to make an arrest. Defendants' first objection is overruled.

**Objection 2.** In their second objection, Defendants argue, contrary to the Magistrate Judge's recommendation, that Defendants are qualifiedly immune from liability on Plaintiff's false arrest/imprisonment claims. In support of their argument, Defendants rely on facts that are disputed. They, therefore, fail to recognize, as the Magistrate Judge noted, that the relevant inquiry is whether, "taken in the light <u>most favorable to the party asserting the injury</u>, the facts alleged are sufficient to make out a violation of the Constitution." <u>Greene v. Barber</u>, 310 F.3d 889, 894 (6th Cir. 2002) (emphasis added). Defendants ask the Court view the facts in the light most favorable to them. The Court cannot do so. Defendants' second objection is overruled.

**Objection 3.** In their third objection, Defendants argue that the Magistrate Judge should have granted summary judgment in their favor on Plaintiff's excessive force claim. In support of their argument, Defendants again rely on facts that are specifically disputed by Plaintiff. For example, Defendants rely on the purported fact that "Plaintiff attempted to evade arrest by flight through the back door when he was shot with the Taser." Objections at 7. Plaintiff testified he exited the back door with his hands in the air, surrendering, and that he did not attempt to flee.

3

The Court must credit Plaintiff's version of the facts and, if those facts are credited, a reasonable jury could find that Defendants' conduct violated Plaintiff's clearly established rights.

Defendants rely on Wylie v. Overby, No. 05-71945, 2006 WL 1007643 (E.D. Mich. Apr. 14, 2006); however, factual differences between that case and the present one render Wylie irrelevant here.  The undisputed facts of Wylie demonstrate that, prior to surrendering, the arrestee had briefly struggled with – and attempted to evade – the arresting officer.  The court concluded that the use of a taser against the arrestee was not excessive as a matter of law, because the officer could not be expected to "read [the arrestee's] mind and instantly know that what had theretofore been [his] attitude of insolence, struggle and flight had suddenly become cooperation, surrender and peace." Id. at *9.  The present case is very different.  Here, the facts, taken in the light most favorable to Plaintiff, reflect that Plaintiff immediately cooperated with the police without interference or delay.  Specifically, Plaintiff testified that he was tasered despite the fact that he never threatened the officers, had never attempted to flee, and had surrendered the very moment he became aware that the officers wished to speak to him.  Wylie is not controlling here and, accordingly, this objection is overruled.

**Objection 4.**  In their fourth objection, Defendants argue that Defendants are qualifiedly immune from liability on Plaintiff's false arrest/imprisonment claims.  Defendants rely on several cases in support of their argument, but they are all factually distinguishable.  Common themes throughout Defendants' cited cases are threats to the arresting officers and repeated refusals to comply with orders, facts that are specifically denied by Plaintiff in this case.  Accordingly, this objection is overruled.

**Objections 5 & 6.**  In their fifth and sixth objections, Defendants rely on arguments that were previously rejected by the Court.  Thus, these objections are overruled.

**Objection 7.** In their seventh objection, Defendants argue that the Magistrate Judge should have granted summary judgment in their favor on Plaintiff's claim for intentional infliction of emotional distress. Defendants argue that the "extreme and outrageous" standard is not satisfied here, even when taking Plaintiff's facts as true. The Court overrules the objection because Defendants fail to provide any authority in support of their position.[1] That is, they do not provide the Court with cases where summary judgment was found to be appropriate on facts similar to those asserted by Plaintiff. Accordingly, this objection is overruled.

**Objection 8.** In their eighth and final objection, Defendants argue that the Magistrate Judge should have granted summary judgment in their favor on Plaintiff's state law claims because Officer Riley is entitled to governmental immunity. Defendants argue that, because Officer Riley "objectively and honestly believed that he acted appropriately in the use of the Taser," he should be immune from intentional tort liability. The argument is unpersuasive because Defendants specifically rely on facts that are disputed by Plaintiff in support of their argument. This objection is overruled.

For the reasons given above, Defendants' eight objections to the R&R are overruled. Accordingly, the Court accepts and adopts the Magistrate Judge's R&R as the findings and conclusions of the Court. Plaintiff's malicious prosecution and gross negligence claims are dismissed, and summary judgment is granted in favor of Redford Township on Plaintiff's municipal liability claim. This case shall proceed on Plaintiff's false arrest/imprisonment claims, his excessive force claim, and his claims for assault and battery and intentional infliction of emotional distress.

---

[1] In their objections, Defendants cite two cases in support of general legal propositions. However, the cited cases are not factually similar to the present case.

SO ORDERED.

Dated: February 23, 2012             s/Mark A. Goldsmith
      Flint, Michigan                MARK A. GOLDSMITH
                                           United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2012.

                                           s/Deborah J. Goltz
                                           DEBORAH J. GOLTZ
                                           Case Manager